UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT O. DINKINS, | ) |
| Movant, | ) |
| v. | ) No. 4:24-cv-559-JAR |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.[1] For the reasons discussed below, the Court will deny the motion and dismiss this action as successive.

### Background

On July 8, 2015, a one-count indictment charged movant as a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). *See United States v. Dinkins*, No. 4:15-cr-314-ERW (E.D. Mo.).[2] Movant waived his right to a jury trial and requested a bench trial. At trial, the Court found movant guilty and subsequently sentenced him as an Armed Career Criminal to 180 months of imprisonment. With the assistance of counsel, movant filed a timely appeal to the Eighth Circuit Court of Appeals. In his appeal, movant argued that the district court erred in finding him guilty of being a felon in possession of a firearm because he was legally justified in possessing the firearm to protect himself and the community from imminent danger.

---

[1] Although movant has styled his motion as a petition for writ of habeas corpus under 28 U.S.C. § 2241, he is seeking to overturn his conviction and be released from custody. Thus, the Court will construe the motion as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(a).

[2] The Honorable Carol E. Jackson tried movant's criminal case. She has since retired.

The Eighth Circuit Court of Appeals affirmed the judgment of the district court on May 26, 2017. *See United States v. Dinkins*, 688 F. App'x 408 (8th Cir. 2017).

On August 22, 2017, movant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See Dinkins v. United States,* No. 4:17-cv-2296-CAS (E.D. Mo.). The Court denied and dismissed the motion on July 25, 2018. Movant did not appeal the judgment. The Eighth Circuit denied movant's application to file a successive habeas petition on March 29, 2019. *See Dinkins v. United States,* No. 18-3334 (8th Cir. 2019).

Movant filed a second motion to vacate on June 11, 2019. *See Dinkins v. United States,* No. 4:19-cv-1688-CAS (E.D. Mo.). Movant alleged that (1) his counsel was ineffective for failing to raise a claim that his sentence was unconstitutional under *Johnson v. United States*, 559 U.S. 133 (2010); (2) his predicate crimes under the Armed Career Criminal Act did not qualify as "crimes of violence" such that he should have received a Chapter Four Enhancement under the provisions of 18 U.S.C. § 924(e); and (3) he was innocent of the crimes for which he was convicted.[3] The Court denied the motion as successive and dismissed the action on July 2, 2019.

Movant filed a third motion to vacate on June 21, 2019. *See Dinkins v. United States*, No. 4:19-cv-1839-CAS (E.D. Mo.). The Court denied the motion as successive and dismissed the action on June 27, 2019.

Movant filed a fourth motion to vacate on July 8, 2019. *See Dinkins v. United States*, No. 4:19-cv-1920-CAS (E.D. Mo.). In that motion, movant argued that the Supreme Court's decision in *Rehaif v. United States*, 588 U.S. 225 (2019), allowed for a challenge to his conviction and sentence. The Court denied the motion on July 26, 2019, finding that *Rehaif* did not apply to

---

[3] In dismissing his application for relief, the Court noted that movant raised these arguments in his application to file a successive habeas petition in the Eighth Circuit Court of Appeals. *See Dinkins v. United States,* No. 18-3334 (8th Cir. 2019).

movant. The Court stated that even if *Rehaif* did apply, the Court would have to deny movant's fourth motion as successive.

Movant filed a fifth motion to vacate on October 21, 2019. *See Dinkins v. United States*, No. 4:19-cv-2903-ERW (E.D. Mo.). Movant again alleged that *Rehaif* and *Johnson* allowed for a challenge to his conviction and sentence. Movant also made conclusory allegations relating to his rights under the First, Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendments. The Court denied the motion on February 18, 2020, explaining that *Rehaif* and *Johnson* did not apply to movant and that his action was successive in violation of 28 U.S.C. §§ 2244(a) and 2255(h).

Movant filed a sixth motion to vacate on January 27, 2020. *See Dinkins v. United States*, No. 4:20-cv-133-AGF (E.D. Mo.). In that motion, movant sought to modify his sentence under the compassionate release provisions of the First Step Act, 18 U.S.C. § 3582(c). The Court denied his request on March 30, 2020, explaining that movant had neither exhausted administrative remedies nor shown that he was entitled to such release.

Movant filed a seventh motion to vacate on May 3, 2021. *See Dinkins v. United States*, No. 4:21-cv-517-ERW (E.D. Mo.). Movant again asserted that *Johnson* and *Rehaif* permitted a new challenge to his conviction and sentence. He also repeated his conclusory allegations relating to the First, Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendments. The Court denied the seventh motion to vacate as successive on May 5, 2021.

Movant filed an eighth motion to vacate on December 8, 2021. *See Dinkins v. United States*, No. 4:21-cv-1437-ERW (E.D. Mo.). Movant again sought relief under *Johnson* and *Rehaif*, and repeated his allegations under the First, Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendments. The Court denied movant's eighth motion to vacate as successive on December 13, 2021.

**Discussion**

Movant filed the instant motion on April 16, 2024. (ECF No. 1). He again challenges his conviction and sentence in *United States v. Dinkins*, No. 4:15-cr-314-ERW (E.D. Mo.).[4] As with several of his previous motions, he relies on conclusory allegations relating to his rights under the Fifth, Eighth, Thirteenth, and Fourteenth Amendments. He also claims his counsel was ineffective.

A district court is not "required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." 28 U.S.C. § 2244(a). Rather, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal inmate seeking relief under 28 U.S.C. § 2255 must first receive certification from the court of appeals to file a second or successive motion. *United States v. Brown*, 915 F.3d 1200, 1201 (8th Cir. 2019); *see also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). An inmate cannot evade this rule "by simply filing a successive § 2255 motion in the district court." *Baranski v. United States*, 880 F.3d 951, 955 (8th Cir. 2018); *see also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3) . . . to the filing of a second or successive habeas petition"). It is for the court of appeals

---

[4] Although movant does not provide a case number in his motion, his allegations clearly relate to his 2015 conviction and sentence. For example, movant states in his motion that his "actions 6-4-2015 was dictated or influenced by his [mental health] issues." (ECF No. 1 at 4). The indictment in *United States v. Dinkins*, No. 4:15-cr-314-ERW (E.D. Mo.) explicitly references movant's conduct on June 4, 2015. Additionally, a search for movant's name on the federal court system's online portal reveals only a single criminal conviction.

4

to decide whether a movant has satisfied the requirements of § 2255(h). *See Woods v. United States*, 805 F.3d 1152, 1153 (8th Cir. 2015).

Here, there is no indication that movant has obtained certification from the Eighth Circuit to file yet another motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. To the contrary, movant sought and was denied such a certification in 2019. *Dinkins v. United States,* No. 18-3334 (8th Cir. 2019). Thus, the Court will deny the motion and dismiss this action as successive.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence (ECF No. 1) is **DENIED** and **DISMISSED** as successive.

**IT IS FURTHER ORDERED** that movant's motion to proceed in forma pauperis (ECF No. 2) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that movant's motion for private security (ECF No. 3) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue. *See* 28 U.S.C. § 2253.

An appropriate order of dismissal will accompany this memorandum and order.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

Dated this 13th day of August, 2024.